UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:17-CR-01-KKC-06

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                              **RECOMMENDED DISPOSITION**

LATISHA R. McCOY,                                                                            DEFENDANT.

The defendant, Latisha McCoy, appeared before the undersigned on Monday, August 31, 2020, for a final revocation hearing on a single supervised release violation. At the final hearing the defendant was present and represented by counsel. She expressed her desire to stipulate to the violation. As a result, she was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, she was advised of the charge against her and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, she admitted to violating the following condition as charged in a knowing, intelligent, and voluntary way:

> Violation #1: Supervised Release Condition #13: You must follow the instructions of the probation office related to the conditions of supervision.

McCoy's admitted conduct, and the basis for this charge is recounted as follows:

1. On July 16, 2020, Ms. McCoy reported to the probation office as directed for drug testing. However, after she was unable to produce a urine sample, an oral swab was positive for methamphetamine, and a sweat patch was applied to Ms. McCoy's person.

1

2. Ms. McCoy was directed to report to the probation office on July 24, 2020, for the purpose of removing the sweat patch. McCoy related feeling extremely ill with vomiting, body aches, and fever, after being diagnosed with flu, and further advised she was directed by medical staff to remain in quarantine for five days, pending the outcome of a COVID-19 test. The officer asked Ms. McCoy to keep her medical documentation to verify her medical appointment with PMC and to continue to wear the sweat patch until it could be safely removed from her arm.

3. On July 31, 2020, Ms. McCoy was still vomiting and could not travel to the probation office. She reported she had not received the results of her COVID-19 test, was advised by PMC staff to continue to quarantine until her test results were received. Ms. McCoy agreed to contact the probation officer to provide an update on her medical situation.

4. On August 7, 2020, Ms. McCoy reported she was feeling a little better. She was directed her to report to the probation office and she agreed to do so. However, Ms. McCoy did not report to the probation office as directed, and did not contact the probation office.

5. On August 10, 2020, Ms. McCoy left a message for her probation officer advising she was taken to the emergency room on August 7, 2020, keeping her from reporting to the probation office on that date. She explained being diagnosed with a urinary tract infection that had turned into a blood infection. However, she further advised her brother had picked her up on August 7, 2020, to take her to his home in Richmond, Kentucky so that she could assist with the

care of his children for a few days. Although the probation officer attempted to contact Ms. McCoy on that same date, she did not answer her phone, nor did she contact the probation office

6. On August 12, 2020, the probation officer sent a text to Ms. McCoy giving her an appointment date and time of August 13, 2020 at 11:00 a.m. to report to the probation office, citing potential Court action if she did not arrive for her appointment. During the early morning hours of August 13, 2020, the officer received an inaudible voicemail message from Ms. McCoy. She did not report to the probation office on August 13, 2020, as directed, and had no further contact with the office.

As a result of this conduct, McCoy was charged with and admitted to violating the conditions of her supervision for failing to report to the probation office as directed on both August 7, and August 13, 2020.

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentences and the sentencing ranges established...
  (5) any pertinent policy statement...
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

McCoy is 49 years of age, and a life-long resident of Pikeville, Kentucky. Raised by her father, she reports no history of abuse during her formative years. She relates a good relationship with her father and siblings. She has been twice married and is the mother of two children. When her children were young, she was active and participated in school events and coached T-ball.

The record reveals a history of being the victim of domestic violence and suffering from anxiety and depression. She has some history of substance abuse, including amphetamines, marijuana, cocaine and methamphetamines.

Ms. McCoy graduated from high school in 1990 and attended Eastern Kentucky University and Southern Community Collee in South Williamson, West Virginia. Most recently, she was employed at Subway, in Pikeville, Kentucky.

McCoy has a criminal history category of II, based upon a 2015 conviction for Theft by Unlawful Taking; a 2013 conviction for Theft by Deception; and a 2016 conviction for Possession of a Controlled Substance, Third Degree. Other relevant convictions include a 1998 conviction for Theft by Deception; a 2016 conviction for Public Intoxication; and a 2016 conviction for

Contempt of Court. In addition, her record reveals a history of bench warrants being issued for various failures to appear, pay fines, or violating conditions of release.

On March 13, 2018, McCoy appeared for sentencing, following a plea of guilty to Conspiracy to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine Base (Crack Cocaine), a Schedule II Controlled Substance in violation of Title 21 U.S.C. § 846. She was sentenced to eighteen (18) months imprisonment followed by a three-year term of supervision. The Court imposed the mandatory and standard conditions of supervision, along with special conditions of release as outlined in the Judgment.

On May 23, 2018, she was released from custody to begin the imposed term of supervision.

On January 22, 2019, McCoy was allowed to remain on supervision in order to continue in outpatient counseling at Westcare Offender Re-Entry Program (ORP), after testing positive for methamphetamine. Ms. McCoy successfully completed this program on January 25, 2019.

On June 22, 2020, McCoy was again allowed to remain on supervised release after she received a citation for Shoplifting Under $500.

## III.

In considering the kind of sentences that are available in this action, the Court considers both the recommended guideline range and any controlling statutory penalties. Pursuant to U.S.S.G. §7B1.4(a), should the Court revoke McCoy's supervised release based on a Grade C Violation and Criminal History Category of II, the Guidelines recommend a range of imprisonment between 4-10 months. In addition, the maximum authorized term of imprisonment upon revocation is not more than 24 months, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to Title 21 U.S.C. § 841(b)(1)(C), there is no maximum authorized term of supervised release that can be re-imposed.

Due to the nature of her present violation and her history of prior offense conduct both during and before supervision, the United States and McCoy suggest that a sentence revoking her supervision and imposing a period of ten months of incarceration would be appropriate. In addition, both the United States and McCoy argue that no further supervision is necessary in the instant case. In considering the request for no further supervision, the court is aware that according to the relevant statute and guideline, the court is not directed to consider whether the supervised release term is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3583(c); USSG §5D1.1 comment. (n.3(A)). See Supervised Release Report at 9 ("The legislative history indicates that section 3553(a)(2)(A) was not included for consideration under 18 U.S.C. § 3583(c) because the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them.").

In fashioning a recommendation in the case, the Court considers the information above, McCoy's longstanding drug use and behavior as self-reported and as reflected in her history, and her prior violation conduct for use of methamphetamines and violating the law. In addition, the undersigned considers that McCoy has served more than two years of her original three-year term of supervision, and although she has displayed some violation conduct, has also maintained gainful employment. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision for a period of ten months with no supervision to follow is an appropriate penalty in the case. The period of incarceration satisfies that statutory consideration of a penalty not greater than necessary to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. Furthermore, because she has previously completed a substance abuse program while on supervision, no further

required treatment would seem to be beneficial. Finally, because the purpose of supervised release is to facilitate her integration back into the community rather than to punish, and because McCoy has completed more than two years of her supervision, further efforts expended to assist with her integration into the community would provide no additional benefit at this time.

## CONCLUSION

The facts upon which the Court recommends finding that the Defendant violated supervised release have been established by her own admission, and therefore have been proven by a preponderance of the evidence. Therefore, for the reasons, the undersigned recommends:

(1) That the Defendant be found guilty of charged violation of supervision;

(2) That her supervision be REVOKED;

(3) That she be sentenced to a term of incarceration for 10 months, with no supervision to follow.

(4) That should McCoy file a waiver of allocution into the record within fourteen days evidencing the knowing, intelligent and voluntary relinquishment of her right of allocution in this action, her supervision should be revoked, and she be sentenced; and

(5) If McCoy desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 21, 2020.

Signed September 4, 2020.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge